UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>*et al.*,<br><br>　　　　　　　Defendants. | Case No. C25-1225-LK<br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the application, Plaintiff states that that she is unemployed, received $60,000 from pensions, annuities, or life insurance payments in the past year, has $40 in cash, no bank accounts, owns no valuable property, and has two dependents that she contributes nothing toward supporting. (*Id.* at 1-2.) She reports her monthly expenses are $500, covering her cell phone and transportation, and explains she is currently homeless due to losing her residence in a house fire on January 20, 2024. (*Id.* at 2.) She also notes she is receiving $506/month from temporary assistance for needy families, and $753/month in food assistance. (*Id.*)

ORDER TO SHOW CAUSE - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Here, Plaintiff's application contains a contradiction. She reports receiving $60,000 over the past year, yet states her current monthly expenses are only $500, covered by temporary assistance. This large unaccounted for sum suggests she might have the resources or accumulated savings to cover basic needs, which conflicts with her claimed inability to pay. Without further details on how she has used the funds or why she cannot pay court fees despite the money received, the Court cannot determine whether she lacks the financial means to pay court fees and costs. Given these circumstances, Plaintiff should not be authorized to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **July 15, 2025**, why this Court should not recommend that her IFP application be denied.[1] In the alternative, Plaintiff may file an amended IFP application clarifying the matters noted above by that date. The Clerk is directed to re-note Plaintiff's IFP application (dkt. # 1) for **July 15, 2025** and to send copies of this Order to Plaintiff, along with a blank IFP application, and to the Honorable Lauren J. King.

---

[1] To the extent Plaintiff fears public disclosure of her private information, the Court directs Plaintiff to Local Rules W.D. Wash. LCR 5(g), which outlines the circumstances and procedures for filing documents under seal (available at https://www.wawd.uscourts.gov/local-rules-and-orders (last accessed July 1, 2025)).

ORDER TO SHOW CAUSE - 2

Dated this 1st day of July, 2025.

*MJ Peterson*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3