UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-01225-LK<br><br>ORDER DISMISSING<br>COMPLAINT AND DENYING<br>PENDING MOTIONS AS MOOT |

　　　This matter comes before the Court on pro se Plaintiff Brittney Boyd's Complaint, Dkt. No. 13; Emergency Motion for Preliminary Injunction, Dkt. No. 2; Emergency Motion to Compel Disclosure, Dkt. No. 3; Motion to Compel Disclosure, Unseal Gagged Account, and Enforce Beneficiary Access Rights, Dkt. No. 9; and Motion to Show Cause and Forensic Audit, Dkt. No. 10. Her "complaint" totals 1,061 pages, and she has filed a "supplemental evidence packet" of 96 pages, Dkt. No. 14, with a "Supplemental Motion to Admit Evidence of Misclassification, Concealed Life Insurance, and ERISA Violations" attached, *id.* at 6.

The complaint's 1,061 pages consist of multiple embedded complaints, motions, charts, declarations, exhibits and random other documents. For example, the first 241 pages include the following:

- Complaint #1: This complaint uses the court-provided form and attaches an "ERISA Complaint – Quick Reference Cheat Sheet." Dkt. No. 13 at 1–8.

- "Supplemental Allegation Insert" adding a "Posthumous Payments and Medical Reinstatement Narrative." *Id.* at 9.

- "Anticipated Defense Arguments and Plaintiff Rebuttals." *Id.* at 11–12.

- "Case Overview and Jurisdiction." *Id.* at 13.

- "Key Facts." *Id.* at 14.

- "Judicial Filing Checklist – ERISA Civil Complaint." *Id.* at 15.

- "Motion for Preliminary Injunction and Expedited Judicial Review," which differs from Ms. Boyd's "Emergency Motion for Preliminary Injunctive Relief" filed that same day. *Compare id.* at 16–17 *with* Dkt. No. 2.

- Complaint #2: This complaint does not use the court-provided form and spans over 100 pages. Dkt. No. 13 at 18–161.

- "Motion to Compel Pension Records and Fiduciary Documents," *id.* at 162–170, which is combined with an IFP application, *id.* at 170–75, and differs from her later-filed motion to compel, Dkt. No. 9.

- "Declaration of Brittney C. Boyd in Anticipation of Defense Arguments." Dkt. No. 13 at 176–86.

- A proposed order granting a preliminary injunction. *Id.* at 187–89.

- Another Motion for Preliminary Injunction and Expedited Judicial Review, *id.* at 190–95, combined with a "Motion for Partial Summary Judgment" and three supporting declarations, all authored by Ms. Boyd, *id.* at 195–215.

- A "Prayer for Relief." *Id.* at 216.

- "Submission of Condensed ERISA Complaint Summary with Exhibits." *Id.* at 217–18.

- Another "Motion for Preliminary Injunction and Expedited Judicial Review." *Id.* at 219–220.

- Complaint #3: Yet another complaint, *id.* at 221–228, and accompanying exhibits, *id.* at 229–39.

- Another declaration from Ms. Boyd in support of her motion for partial summary judgment, *id.* at 240–41.

The "complaint" continues in this confused manner for hundreds more pages. *Id.* at 242–940; Dkt. Nos. 13-1–13-2. Ms. Boyd's submissions violate the Federal Rules of Civil Procedure and other applicable law in a number of ways.

First, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a bare minimum, Rule 8(a) mandates that a plaintiff "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Ms. Boyd's complaint, which contains multiple embedded complaints, arguments, charts, exhibits, declarations, and other documents, falls far short of Rule 8's requirement. "Neither defendants nor the Court are obligated to search through hundreds of pages in order to determine" what allegations she is attempting to make; "the burden of providing 'a short and plain statement of the claim showing that the pleader is entitled to relief' falls squarely on plaintiff." *Wilder v. United States*, No. C21-0206RSL, 2021 WL 2404318, at *1 (W.D. Wash. May 4, 2021). Indeed, it is impossible to tell which of the contemporaneously filed complaints is the operative one; Ms. Boyd is not permitted to submit multiple complaints, and any amended complaint supersedes the prior complaint. Fed. R. Civ. P. 15(a); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In short, Ms. Boyd has not met her burden of providing a short and plain statement of her claims.

Second, litigants are not entitled to file serial and duplicative motions dedicated to the same subject matter. *Scott v. Cunningham*, 516 F. App'x 672, 673 (9th Cir. 2013) (affirming district court's dismissal of pro se litigant's case where the litigant continued to file "frivolous and

ORDER DISMISSING COMPLAINT AND DENYING PENDING MOTIONS AS MOOT - 3

duplicative motions" that "needlessly disrupted the litigation and burdened the court and opposing counsel"); *Sonntag v. Gurries*, No. 3:09-CV-00637-ECR, 2011 WL 3841044, at *1 n.2 (D. Nev. July 29, 2011) ("District Court rules do not allow parties to file redundant documents. . . . Such practice wastes the courts' and defendants' time and creates confusion."). Nor is an "exhibit packet" a procedurally proper way to amend a pleading, seek relief, or communicate with the Court. *See* Fed. R. Civ. P. 7(a)–(b), 15(a)(2), LCR 7(b)(1). Moreover, any assertion of irreparable harm necessitating "emergency" relief is undercut by the amount of time Ms. Boyd waited to initiate proceedings. She states that she discovered the defendants' "violations" in 2024. Dkt. No. 13 at 11; *see also id.* at 25, 35, 38–39, 41, 52, 62, 71. And although she filed her motion to proceed *in forma pauperis* on June 29, 2025, she did not respond to a July 1, 2025 order to show cause why the application should not be denied until July 21, 2025. Dkt. Nos. 1, 5, 7. Finally, absent a court order or other circumstances not present here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). The Court further notes that under Local Civil Rule 37(a)(1), the Court may deny any motion to compel that does not contain the required "certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." There is no indication that Ms. Boyd has served any Defendant as she is required to do under Rule 4. Fed. R. Civ. P. 4(c).

The Court accordingly DISMISSES Ms. Boyd's complaint, DENIES her motions as moot, and STRIKES her supplemental exhibit packet.[1] Ms. Boyd may file an amended complaint within

---

[1] "[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." *Johnson v. Holms*, No. 218CV00647GMNEJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) (citation modified).

ORDER DISMISSING COMPLAINT AND DENYING PENDING MOTIONS AS MOOT - 4

21 days of the date of this Order. If Ms. Boyd elects to file an amended complaint, she must comply with Rule 8 by providing "a short and plain statement of [her] claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Her pro se status does not excuse compliance with this basic requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements). Again, any amended complaint will supersede the original complaint. *See Ferdik*, 963 F.2d at 1262 (noting the "well-established doctrine that an amended pleading supersedes the original pleading").

The Court notes that pro se plaintiffs do not have greater rights than plaintiffs represented by counsel, *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986), and they "are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court accordingly "expects all parties—pro se and those represented by counsel—to comply with the Court's procedural rules." *Capello v. Sziebert*, No. C13-5275BHS-JRC, 2014 WL 2465283, at *1 (W.D. Wash. June 2, 2014).[2] Ms. Boyd must ensure that her filings are procedurally appropriate, or else they will continue to be dismissed, stricken, or denied, and the Court may also impose sanctions.

Dated this 7th day of August, 2025.

Lauren King
United States District Judge

---

[2] The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Civil Rules for the Western District of Washington are available at https://www.wawd.uscourts.gov/sites/wawd/files/042624%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf. The Western District of Washington has also published a guide to assist pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

ORDER DISMISSING COMPLAINT AND DENYING PENDING MOTIONS AS MOOT - 5