UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>      Plaintiff,<br>  v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01225-LK<br><br>ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

  This matter comes before the Court on pro se Plaintiff Brittney C. Boyd's Emergency Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b). Dkt. No. 21. None of the Defendants have yet appeared in this case or responded to the motion. Ms. Boyd, who is proceeding in forma pauperis ("IFP"), Dkt. No. 12, requests that this Court "immediately enjoin Defendants from gagging or withholding" her "ERISA plan benefits and Related accounts" as well as "compel the release of all withheld accounts and assets," Dkt. No. 21 at 1–2.

Federal Rule of Civil Procedure 65 empowers the court to issue a temporary restraining order ("TRO"). Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 22.

A TRO "is generally reserved for emergency situations in which a party may suffer immediate irreparable harm." *Oracle Am., Inc. v. Myriad Group AG*, No. C 10-05604 SBA, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2011); *see also Whirlpool Corp. v. Marshall*, 445 U.S. 1, 20 n.33 (1980) (noting that temporary restraining orders are used for "emergency situations"). A party's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

As a preliminary matter, Ms. Boyd's request for a TRO does not qualify for emergency treatment under Rule 65(b)(1) because she has not certified "in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). And "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available,

before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Ms. Boyd's failure to comply with Rule 65's notice requirement constitutes an independent basis for denial of her motion.

Furthermore, as this Court has already held, Ms. Boyd's lengthy delay in filing suit and in seeking emergency relief demonstrates that emergency treatment is not appropriate here. Dkt. No. 16 at 4 ("[A]ny assertion of irreparable harm necessitating 'emergency' relief is undercut by the amount of time Ms. Boyd waited to initiate proceedings."). She indicates that she discovered the defendants' alleged violations in 2024 or earlier. Dkt. No. 19 at 7–8. If that were not enough, in March 2025, counsel for Defendant Locals 302 and 612 International Union of Operating Engineers-Construction Industry Employer Retirement Plan sent Ms. Boyd a letter informing her that she was not designated as the beneficiary of her father's ERISA plan. *Id.* at 8; Dkt. No. 20 at 20. The letter also informed Ms. Boyd that, as she was not "a party to the divorce" between her father and his former wife, "nor w[as she] named as an 'alternate payee' in the QDRO [(qualified domestic relations order)]," she "ha[d] no beneficial interest in its terms or its administration by the Plan." Dkt. No. 20 at 20. Yet Ms. Boyd waited until late June of this year to file suit. Dkt. No. 1. Subsequently, she did not respond to a July 1, 2025 order to show cause why her motion to proceed in forma pauperis should not be denied until July 21, 2025. Dkt. Nos. 1, 5, 7. Ms. Boyd's motion for a TRO does not provide any justification for these delays. *See generally* Dkt. No. 21. While she alleges that she "and her minor children are currently homeless and face irreparable harm," *id.* at 2, that conclusory assertion does not explain her delay or justify issuance of a TRO. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (affirming denial of a preliminary injunction to plaintiff who had waited "months" after alleged infliction of harm to seek an injunction); *Int'l Ass'n of Plumbing & Mech. Offs. v. Int'l Conf. of Bldg. Offs.*, 79 F.3d 1153 (9th

1  Cir. 1996) ("[T]he fact that [plaintiff] waited seven months before seeking injunctive relief
2  undermines its claim of immediate threatened irreparable injury.").
3       In light of Ms. Boyd's lengthy and unexplained delay, the Court finds that she has not
4  demonstrated the existence of an emergency sufficient to justify a TRO. The Court accordingly
5  DENIES her motion for a TRO. Dkt. No. 21.
6       Dated this 4th day of September, 2025.

*Lauren King*

Lauren King
United States District Judge