UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD, | CASE NO. 2:25-cv-01225-LK |
| Plaintiff, | |
| v. | ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Brittney C. Boyd's Response for Clarity and Corrective Action to Order Denying Emergency Motion for Temporary Restraining Order ("TRO"). Dk. No. 25. Ms. Boyd states that she "is not at this time renewing her request for injunctive relief," but seeks "only to ensure the record accurately reflects the evidentiary and procedural context surrounding the TRO denial." *Id.* at 1, 7. She notes that she intends to file "[a] Second Amended Complaint . . . which will include formal requests for preliminary injunctive relief and summary judgment." *Id.* at 1. Ms. Boyd also states that she "has not been able to effect service of this response" and therefore "respectfully requests that the Court direct service of this

ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT - 1

response, together with the forthcoming Second Amended Complaint, by the United States Marshal[.]" *Id.* at 7.

The Court liberally construes[1] this filing as a motion for (1) leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2),[2] (2) service of the second amended complaint by the United States Marshals, and (3) an extension of time to serve Defendants.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Here, nearly 90 days have elapsed since Ms. Boyd filed her complaint, and it appears that she has never served any Defendant as required by Rule 4. Although Ms. Boyd does not provide good cause for her failure to serve Defendants, the Court will provide her a 30-day extension (to October

---

[1] Ms. Boyd has filed a "Notice of Pro Se Leniency" to "remind the Court that her filings must be construed liberally[.]" Dkt. No. 25-1 at 2. The Court STRIKES this filing as procedurally improper. Moreover, the Court has already liberally construed—and continues to liberally construe—Ms. Boyd's "inartful" submissions, *id.*, and has directed her to resources to assist pro se litigants. Dkt. No. 16 at 5 n.2. Ms. Boyd is reminded that although the Court construes pro se filings liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), pro se plaintiffs do not have greater rights than plaintiffs represented by counsel, *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986), and they "are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Ms. Boyd has already submitted hundreds of pages of procedurally improper filings, *see, e.g.*, Dkt. Nos. 8, 14, and the Court may summarily strike procedurally improper filings going forward. *See Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)).

[2] Ms. Boyd has already amended her complaint once, Dkt. No. 19, and is not entitled to file further amended complaints without leave of court or consent of the opposing parties. Fed. R. Civ. P. 15(a)(2).

27, 2025) to serve the operative pleading on Defendants. The Court cautions Ms. Boyd that in the future, it will deny motions for extensions of time that are not supported by good cause.

The Court further grants Ms. Boyd's motion to file a second amended complaint because this case is still in its nascent stages and Defendants have not yet been served. However, the Court observes that Ms. Boyd has not complied with Local Civil Rule 15(a), which requires movants for leave to file an amended complaint to attach a proposed pleading redlining the changes compared to the operative complaint. Ms. Boyd will be required to submit a redlined version of her amended complaint at the time she files it.[3] The Court denies without prejudice Ms. Boyd's request for service by a U.S. Marshal because it is premature: the Court will not order service of a complaint that has not yet been filed. Nor will it order service of non-pleadings such as Ms. Boyd's filing at docket entry 25. *Cf.* Dkt. No. 25 at 7 (requesting "service of this response" as well as of the forthcoming amended pleading). Once Ms. Boyd has filed her second amended complaint, she may file an appropriate motion for service by a U.S. Marshal.

To the extent Ms. Boyd's submission can be construed as a motion for reconsideration of the Court's order denying a TRO, the Court denies it. Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy,

---

[3] The Court further notes that any motion for relief should not be "attached" to a complaint and should instead be filed in accordance with applicable rules. *See* Fed. R. Civ. P. 7; LCR 7; *Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121, 123 (3d Cir. 2011) ("[Plaintiff] also complains that the District Court erred by not acting sooner on the stay request embodied in his complaint, but [plaintiff] himself failed adequately to alert the District Court to his request for immediate relief by not filing a separate motion for a preliminary injunction at the time he filed the complaint."); *Cameron v. Bellevue Police Dep't*, No. 2:24-CV-00696-LK, 2024 WL 4592892, at *2 n.2 (W.D. Wash. Oct. 28, 2024); *Rodriguez v. American Express*, No. CV F 03-5949 AWI LJO, 2006 WL 908613, at *8 (E.D. Cal. Apr. 7, 2006); *Banaszak v. CitiMortgage, Inc.*, No. 13-CV-13710, 2014 WL 12656623, at *2 (E.D. Mich. July 24, 2014).

ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT - 3

to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)); *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration are not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Failure to do so "may be grounds for denial of the motion." *Id.* Ms. Boyd has failed to demonstrate a manifest error in the Court's ruling, nor has she shown new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. *See generally* Dkt. No. 25.

For the reasons provided above, the Court permits Ms. Boyd to file a second amended complaint within 14 days of the date of this Order. LCR 15(a) ("If a motion for leave to amend is granted, the party who was given leave to amend must file . . . the amended pleading . . . within fourteen (14) days of the filing of the order granting leave to amend."). She must comply with Local Civil Rule 15(a) by attaching a redlined version of the complaint. All other requests for relief in docket entry 25 are denied.

Dated this 25th day of September, 2025.

Lauren King
United States District Judge