UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>                Plaintiff,<br>   v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-01225-LK<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |

This matter comes before the Court on pro se Plaintiff Brittney Boyd's Third Amended Complaint, Dkt. No. 31[1]; Motion to File Fourth Amended Complaint Under Seal, Dkt. No. 32; Motion for Appointment of Counsel and for Service of Process by U.S. Marshal, Dkt. No. 33;[2] Motion for a Forensic Audit, Dkt. No. 36; "Demand for Restitution and Full Accounting," Dkt.

---

[1] Ms. Boyd styles this as a "Second Amended Complaint," *id.* at 1, but she has already amended her complaint twice, *see* Dkt. Nos. 19, 28. As such, this new complaint constitutes her third amended complaint.

[2] Ms. Boyd improperly attempts to supplement this motion with three separate filings submitted eight days after her initial motion. Dkt. No. 40 (October 22, 2025) "Revised Supplement in Support of Motion for Appointment of Counsel"); Dkt. No. 41 (October 22, 2025 "Notice of Factual Update: Geographical Risk and Counsel Justification" (capitalization removed)); Dkt. No. 42 (October 22, 2025 "Notice of Supplemental Authority and Motion to Expedite Ruling on Appointment of Counsel" (capitalization removed), which includes roughly 85 pages of exhibits).

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND - 1

No. 37; and Emergency Motion for Service of Process by U.S. Marshals Service, Dkt. No. 39. For the reasons laid out below, the Court dismisses Ms. Boyd's amended complaints and denies all of her motions.

## I.  DISCUSSION

As with her prior pleadings, Ms. Boyd's sprawling filings are incomprehensible. Once again, she has filed multiple documents that appear to comprise the Third Amended Complaint. First, she filed a "Second Amended Complaint" of roughly nine pages. Dkt. No. 31 at 1–9 (capitalization removed). This was accompanied by an "index of exhibits and appendices" that are "referenced in Fourth Amended Complaint." Dkt. No. 31-2 at 1 (some capitalization removed). These "exhibits and appendices" proceed in a nonsensical manner: for example, exhibit 1 is followed by exhibits S, 9, 22, F4, JJ, "App. 17," and so on. Dkt. No. 31-2 at 1–2. Two hundred eighty-nine pages of exhibits and appendices are "attached" to this version of her complaint. Dkt. No. 35 at 1; Dkt. Nos. 35-1–35-12. Many of these are unlabeled and nonsensical. For example, roughly half of the 289 pages appear to be undecipherable spreadsheet entries. Dkt. Nos. 35-1–35-7. Many other exhibits duplicate those filed in connection with another amended complaint—described below—and appear to attempt to supplement her amended complaint. *Compare* Dkt. Nos. 35-8–35–12 *with* Dkt. Nos. 34-1–34-14.

Ms. Boyd filed another amended complaint at docket entry 32 the same day. Confusingly, this document begins with a "motion to file fourth amended complaint under seal," and explains that the "THIRD Amended Complaint details a purported 'Federal Criminal Enterprise (RICO)' operated through the International Union of Operating Engineers (IUOE) network." Dkt. No. 32 at 1 (some capitalization removed).[3] This additional complaint seeks "criminal referral" under a

---

[3] The two complaints Ms. Boyd filed on October 14, 2025 followed closely on the heels of another "third amended

litany of criminal statutes, among other relief duplicating that sought in her accompanying complaint. Dkt. No. 32-1 at 9–10.[4] Ms. Boyd filed over 156 pages of exhibits to this additional complaint, many of which appear to be an attempt to supplement her complaint. *See, e.g.*, Dkt. No. 34-4 at 1–4 (legal argument styled as a "declaration" of Ms. Boyd); *id.* at 5–6 (same); *id.* at 20–21 ("continuance declaration" from Ms. Boyd); Dkt. No. 34-7 ("Cold Blood and Steel" declaration from Ms. Boyd). Many exhibits are unlabeled (in violation of applicable law regarding the format of exhibits) and untethered to any argument in the complaint (indeed, it is impossible to tell what unlabeled exhibits relate to). *See, e.g.*, Dkt. No. 34-4 at 7–8, 11, 15; Dkt. No. 34-5 at 1–13; Dkt. No. 34-6 at 1–9.

This flurry of filings continues a monthslong pattern of serial motions and other frivolous submissions from Ms. Boyd. The court previously cautioned Ms. Boyd that filings like these "violate the Federal Rules of Civil Procedure and other applicable law in a number of ways," and provided her with links to the Federal Rules of Civil Procedure, the Local Civil Rules, and this District's guide to assist pro se litigants. Dkt. No. 16 at 3, 5 & n.2. The Court also expressly informed Ms. Boyd that she "is not permitted to submit multiple complaints, and any amended complaint supersedes the prior complaint." *Id.* at 3; *see also id.* at 4 ("Nor is an 'exhibit packet' a procedurally proper way to amend a pleading, seek relief, or communicate with the Court." (citing Fed. R. Civ. P. 7(a)–(b), 15(a)(2), LCR 7(b)(1))). It is apparent from Ms. Boyd's filings that she did not consult the applicable rules or the guide, and she did not heed the Court's order.

---

complaint" filed on October 9, 2010, Dkt. No. 28 (capitalization removed), which Ms. Boyd appeared to attempt to supersede the following day with an "urgent request" to file a "second amended complaint" late, Dkt. No. 29 at 1 (capitalization removed). The Court granted Ms. Boyd leave to file a singular amended complaint. Dkt. No. 30.

[4] To the extent this complaint was truly meant to be an amended complaint (rather than a companion document to the complaint she filed earlier that day), it was not redlined in violation of Local Civil Rule 15.

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND - 3

Because Ms. Boyd is proceeding *in forma pauperis*, Dkt. No. 12, her complaint is subject to dismissal "at any time" if the Court determines that it fails to state a claim, 28 U.S.C. § 1915(e)(2)(B)(2)(ii). As the Court previously explained, Dkt. No. 16 at 3, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). At a bare minimum, Rule 8(a) mandates that a plaintiff "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Ms. Boyd filed two complaints concurrently, along with hundreds of pages of exhibits that do not comply with applicable law and impermissibly appear to attempt to supplement her complaint. This falls far short of Rule 8's requirement. "Neither defendants nor the Court are obligated to search through hundreds of pages in order to determine" what allegations she is attempting to make; "the burden of providing 'a short and plain statement of the claim showing that the pleader is entitled to relief' falls squarely on plaintiff." *Wilder v. United States*, No. C21-0206RSL, 2021 WL 2404318, at *1 (W.D. Wash. May 4, 2021). In short, Ms. Boyd has not met her burden of providing a short and plain statement of her claims.

With respect to Ms. Boyd's motions to appoint counsel, as the Court has already informed her, litigants are not entitled to file serial and duplicative motions dedicated to the same subject matter. Dkt. No. 16 at 3; Dkt. Nos. 33, 40–42 (serial filings); *see also Scott v. Cunningham*, 516 F. App'x 672, 673 (9th Cir. 2013) (affirming district court's dismissal of pro se litigant's case where the litigant continued to file "frivolous and duplicative motions" that "needlessly disrupted the litigation and burdened the court and opposing counsel"); *Sonntag v. Gurries*, No. 3:09-CV-00637-ECR, 2011 WL 3841044, at *1 n.2 (D. Nev. July 29, 2011) ("District Court rules do not allow parties to file redundant documents. . . . Such practice wastes the courts' and defendants' time and creates confusion."). Even if the Court considered all four of Ms. Boyd's filings, they do

not support appointment of counsel here. "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Still, the Court has discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances[.]" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1) and *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). To determine if exceptional circumstances exist, Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified).

The Court finds that exceptional circumstances do not exist here. First, the Court cannot conclude that Ms. Boyd is likely to succeed on the merits of her claims based on the undeveloped, sprawling record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021). And she has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). Second, this case does not present unusually complex legal or factual issues that would preclude Ms. Boyd from articulating her claims pro se. *See Agyeman*, 390 F.3d at 1103–04. Her filings demonstrate an ability to articulate her claims if she abides by the applicable rules and the Court's orders. That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Finally, while Ms. Boyd recently attempted to engage counsel at eight different firms, Dkt. Nos. 40-1–40-8, even assuming that this constitutes reasonable diligence, *see Clark v. Washington State Dep't of Health*, No. 2:23-CV-01558-TMC, 2023 WL 8449162, at *1 (W.D.

Wash. Dec. 6, 2023), it does not merit appointment of counsel. "The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above." *Littlejohn v. Kaiser Permanente of Washington*, No. 3:23-CV-06194-TMC, 2024 WL 216544, at *2 (W.D. Wash. Jan. 19, 2024). Accordingly, Ms. Boyd has not shown that she is entitled to the appointment of counsel at this time, and the Court denies her motions to appoint counsel. Dkt. Nos. 33, 40–42.

## II. CONCLUSION

For the foregoing reasons, the Court DISMISSES Ms. Boyd's amended complaints, Dkt. Nos. 31, 32, 34-1–34-14, 35-1–35–12, DENIES her requests for appointment of counsel, Dkt. Nos. 33, 40–42, DENIES as frivolous her motions for a forensic audit and "restitution and full accounting," Dkt. Nos. 36, 37,[5] and DENIES as moot her requests for service, Dkt. Nos. 33, 39.

The Court will provide Ms. Boyd with one final opportunity to amend her complaint. However, she may not amend any claim under title 18 of the United States Code or any claim that seeks a referral for prosecution thereunder. *See Linda R.S. v. Linda D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability). Ms. Boyd also may not file any exhibits to her complaint; all claims, and the facts supporting those claims, must be contained in the body of her operative complaint.

Ms. Boyd may not file more than *one singular* amended complaint, which will supersede all previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the

---

[5] The Court already explained to Ms. Boyd in its prior order that "absent a court order or other circumstances not present here, '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]'" Dkt. No. 16 at 4 (quoting Fed. R. Civ. P. 26(d)(1)).

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND - 6

"well-established doctrine that an amended pleading supersedes the original pleading"). Any amended complaint must clearly set forth the "who, what, where, when, and why" necessary for the Court and defendants to understand what Ms. Boyd is alleging. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, each cause of action must identify the specific law that was allegedly violated, which defendant(s) violated it and how, when the alleged violation occurred, and how the alleged violation harmed Ms. Boyd. And finally, absent extraordinary circumstances, the Court will not entertain any additional motions or other submissions from Ms. Boyd until it has reviewed the amended complaint and ascertained whether it states a claim. The Court will summarily strike any improper filings.

Ms. Boyd is reminded that pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). The Court again refers Ms. Boyd to the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, the Local Civil Rules for the Western District of Washington, available at https://www.wawd.uscourts.gov/sites/wawd/files/032725%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf, and the Western District of Washington's guide for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. **Failure to comply with applicable laws, rules, or orders may result in sanctions up to and including revocation of e-filing privileges and dismissal of the case altogether.** 28 U.S.C. § 1651(a); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action); *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Shankar v. Microsoft Corporation*, No. C24-0308-JCC, 2024 WL 4664413,

at *1 (W.D. Wash. Nov. 4, 2024) (revoking e-filing privileges after pro se plaintiff ignored Court's directives regarding proper filings).

If Ms. Boyd does not file a fourth amended complaint within 21 days of this Order, the Court will dismiss this case with prejudice.

Dated this 22nd day of October, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND - 8