UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>      Plaintiff,<br>  v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01225-LK<br><br>ORDER DENYING PENDING<br>MOTIONS AND ORDERING<br>PLAINTIFF TO SHOW CAUSE<br>WHY HER CASE SHOULD NOT<br>BE DISMISSED WITH PREJUDICE |

  This matter comes before the Court sua sponte. This Court has repeatedly warned Plaintiff Brittney Boyd that if she continued to violate applicable law, the Court would impose sanctions up to and including dismissal of her suit. Ms. Boyd has nevertheless continued to file frivolous submissions and violate applicable rules and this Court's orders, and is therefore ordered to show cause why her case should not be dismissed with prejudice.

## I. BACKGROUND

  At the inception of this case in June 2025, Ms. Boyd filed over 1,100 pages of materials with the Court: a 1,061-page complaint "consist[ing] of multiple embedded complaints, motions,

ORDER DENYING PENDING MOTIONS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HER CASE
SHOULD NOT BE DISMISSED WITH PREJUDICE - 1

charts, declarations, exhibits and random other documents," Dkt. No. 16 at 2–3 (citing Dkt. Nos. 13, 13-1, 13-2); an Emergency Motion for Preliminary Injunction, Dkt. No. 2; an Emergency Motion to Compel Disclosure, Dkt. No. 3; a Motion to Compel Disclosure, Unseal Gagged Account, and Enforce Beneficiary Access Rights, Dkt. No. 9; and a Motion to Show Cause and Forensic Audit, Dkt. No. 10. The Court denied the motions and dismissed the complaint, cautioning Ms. Boyd that she was not permitted to (1) "submit multiple complaints, a[s] any amended complaint supersedes the prior complaint"; (2) "file serial and duplicative motions dedicated to the same subject matter"; (3) seek to amend a pleading, seek relief, or communicate with the Court through an "exhibit packet"; (4) seek discovery from any source before the parties have conferred as required by Rule 26(f). Dkt. No. 16 at 3–4. After providing links to the Federal Rules of Civil Procedure, the Local Civil Rules, and the Western District of Washington's guide for pro se litigants, the Court warned Ms. Boyd that she "must ensure that her filings are procedurally appropriate, or else they will continue to be dismissed, stricken, or denied, and the Court may also impose sanctions." *Id.* at 5 & n.2.

On August 28, 2025, Ms. Boyd filed an emergency motion for a temporary restraining order ("TRO") requesting that the Court "immediately enjoin Defendants from gagging or withholding" her "ERISA plan benefits and Related accounts" as well as "compel the release of all withheld accounts and assets," Dkt. No. 21 at 1–2. The Court denied her motion, in part because she did not certify "in writing any efforts made to give notice and the reasons why [notice] should not be required," as required by Federal Rule of Civil Procedure 65. Dkt. No. 23 at 2 (quoting Fed. R. Civ. P. 65(b)(1)(B)).

On September 12, 2025, Ms. Boyd filed a "Notice of Pro Se Leniency" to "remind the Court that her filings must be construed liberally[.]" Dkt. No. 25-1 at 2. The Court struck this filing as procedurally improper on September 25, and warned Ms. Boyd that because she had "already

submitted hundreds of pages of procedurally improper filings," "the Court may summarily strike procedurally improper filings going forward." Dkt. No. 26 at 2 n.1. The Court also noted that "[it] has already liberally construed—and continues to liberally construe—Ms. Boyd's 'inartful' submissions . . . and has directed her to resources to assist pro se litigants." *Id.*

On October 22, 2025, the Court dismissed Ms. Boyd's third amended complaint and gave her leave to amend once more. Dkt. No. 43 at 7. The Court noted that in her motion for appointment of counsel and for service of process by a U.S. Marshal, she had again "improperly attempt[ed] to supplement th[e] motion with three separate filings submitted eight days after her initial motion." Dkt. No. 43 at 1 n.2 (citing Dkt. No. 40 "Revised Supplement in Support of Motion for Appointment of Counsel"; Dkt. No. 41 "Notice of Factual Update: Geographical Risk and Counsel Justification" (capitalization altered); Dkt. No. 42 "Notice of Supplemental Authority and Motion to Expedite Ruling on Appointment of Counsel" (capitalization altered), which included roughly 85 pages of exhibits). In dismissing Ms. Boyd's multiple proposed amended complaints, the Court observed that, "[a]s with her prior pleadings, Ms. Boyd's sprawling filings are incomprehensible." *Id.* at 2.

> Once again, she has filed multiple documents that appear to comprise the Third Amended Complaint. First, she filed a "Second Amended Complaint" of roughly nine pages. Dkt. No. 31 at 1–9 (capitalization removed). This was accompanied by an "index of exhibits and appendices" that are "referenced in Fourth Amended Complaint." Dkt. No. 31-2 at 1 (some capitalization removed). These "exhibits and appendices" proceed in a nonsensical manner: for example, exhibit 1 is followed by exhibits S, 9, 22, F4, JJ, "App. 17," and so on. Dkt. No. 31-2 at 1–2. Two hundred eighty-nine pages of exhibits and appendices are "attached" to this version of her complaint. Dkt. No. 35 at 1; Dkt. Nos. 35-1–35-12. Many of these are unlabeled and nonsensical. For example, roughly half of the 289 pages appear to be undecipherable spreadsheet entries. Dkt. Nos. 35-1–35-7. Many other exhibits duplicate those filed in connection with another amended complaint—described below—and appear to attempt to supplement her amended complaint. *Compare* Dkt. Nos. 35-8–35-12 *with* Dkt. Nos. 34-1–34-14.

> Ms. Boyd filed another amended complaint at docket entry 32 the same day. Confusingly, this document begins with a "motion to file fourth amended complaint under seal," and explains that the "THIRD Amended Complaint details a purported 'Federal Criminal Enterprise (RICO)' operated through the International Union of Operating Engineers (IUOE) network." Dkt. No. 32 at 1 (some capitalization removed). This additional complaint seeks "criminal referral" under a litany of criminal statutes, among other relief duplicating that sought in her accompanying complaint. Dkt. No. 32-1 at 9–10. Ms. Boyd filed over 156 pages of exhibits to this additional complaint, many of which appear to be an attempt to supplement her complaint. *See, e.g.*, Dkt. No. 34-4 at 1–4 (legal argument styled as a "declaration" of Ms. Boyd); *id.* at 5–6 (same); *id.* at 20–21 ("continuance declaration" from Ms. Boyd); Dkt. No. 34-7 ("Cold Blood and Steel" declaration from Ms. Boyd). Many exhibits are unlabeled (in violation of applicable law regarding the format of exhibits) and untethered to any argument in the complaint (indeed, it is impossible to tell what unlabeled exhibits relate to). *See, e.g.*, Dkt. No. 34-4 at 7–8, 11, 15; Dkt. No. 34-5 at 1–13; Dkt. No. 34-6 at 1–9.

*Id.* at 2–3 (footnotes omitted). The Court observed that "[t]his flurry of filings continues a monthslong pattern of serial motions and other frivolous submissions from Ms. Boyd," despite the Court providing her with links to applicable rules and to the pro se guide—and despite prior cautions from the Court "that filings like these 'violate the Federal Rules of Civil Procedure and other applicable law in a number of ways,'" and that Ms. Boyd "is not permitted to submit multiple complaints[.]" *Id.* at 3 (citation modified). After concluding that "[i]t is apparent from Ms. Boyd's filings that she did not consult the applicable rules or the guide, and she did not heed the Court's order," the Court again reminded her that "pro se litigants are subject to the same procedural requirements as other litigants," again provided links to the federal and local rules and the pro se guide, and warned that "**[f]ailure to comply with applicable laws, rules, or orders may result in sanctions up to and including revocation of e-filing privileges and dismissal of the case altogether.**" *Id.* at 3, 7. The Court permitted Ms. Boyd to file no more than "*one singular* amended complaint, which will supersede all previous complaints." *Id.* at 6.

On November 1, Ms. Boyd filed a fourth amended complaint, followed by a motion for service by a U.S. Marshal on November 10, 2025. Dkt. Nos. 44, 47. On November 19, 2025, Ms.

ORDER DENYING PENDING MOTIONS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HER CASE SHOULD NOT BE DISMISSED WITH PREJUDICE - 4

Boyd filed a "Notice of Pending Motion and Request for Expedited Briefing" asking the Court to issue an "expedited ruling" on her motion for service by a U.S. Marshal. Dkt. No. 49 at 1 (capitalization altered). Later that same day, this Court struck the notice as procedurally improper and informed Ms. Boyd that "the Court was aware of Plaintiff's pending motion and addressed it in due time." Dkt. No. 51.

On December 7, 2025, Ms. Boyd filed a declaration and over 150 pages of attached motions and exhibits to "demonstrate a systemic RICO enterprise, fiduciary corruption, and collusive litigation tactics by the Defendants." Dkt. No. 57 at 1; *see also* Dkt. Nos. 57-1–57-11. The Court struck these filings as procedurally improper on December 8, 2025, Dkt. No. 61, writing:

> The Court has already ruled on [docket entries] 31, 33, 36, 37, 38, 39, and 40—the motions to which [Ms. Boyd's declaration] refers. The declaration and its supporting exhibits are therefore procedurally improper fugitive documents and must be stricken. The Court has reminded Plaintiff repeatedly that "pro se plaintiffs . . . are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022); *see, e.g.*, Dkt. No. 16 at 5 (reminding plaintiff of procedural requirements); Dkt. No. 26 at 2 n.1 (same); Dkt. No. 43 at 7 (same). If Plaintiff continues to violate applicable rules, the Court will impose sanctions up to and including dismissal of Plaintiff's suit. *See Ghazali v. Moran*, 46 F.3d 52, 5354 (9th Cir. 1995) (per curiam) (finding failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).

*Id.*

## II.    DISCUSSION

Despite this Court's prior orders (1) limiting Ms. Boyd to filing *one singular* amended complaint, (2) informing her that she may not amend her complaint in a piecemeal fashion, and (3) warning her that further frivolous submissions may result in the dismissal of her complaint, on December 12, 2025, Ms. Boyd filed a document titled "Notice of Supplemental Authority." Dkt. No. 63. This notice effectively seeks to amend her complaint with "new factual developments that have occurred since the Court's November 1, 2025 order accepting the Fourth Amended Complaint"; specifically, "investigations into the systematic pension fraud affecting the IUOE

pension system, including defendants named in this action." *Id.* at 1–2. However, these "investigations" are really Ms. Boyd sending emails, reports, and other submissions to federal agencies, *id.* at 2–4. Ms. Boyd then misrepresents to the Court that "five federal agencies have independently determined the alleged conduct warrants investigation[.]" *Id.* at 5. Despite the Court's prior dismissal of her criminal RICO claims with prejudice, Dkt. No. 43 at 6, Ms. Boyd attempts to resuscitate these claims in the notice. *See, e.g.*, Dkt. No. 63 at 10–11; *see also* Dkt. No. 64-4 at 18 ("Criminal enterprise scope: pattern sufficient for RICO[-]style referral"). According to Ms. Boyd, the notifications—which "directly bear on . . . the scope of the alleged ERISA violations, and the coordinated nature of Defendants' conduct," are "properly presented as supplemental authority pursuant to Local Civil Rule 7h" and "under [her] duty of candor to the tribunal." *Id.* at 2, 13. There is no applicable Local Civil Rule 7(h); Local Civil Rule 7(*n*) permits supplemental authority in support of a *motion*, but Ms. Boyd's filing does not relate to any motion, and as the Court has repeatedly explained to her, she may not supplement her complaint or otherwise attempt to communicate with the Court in this manner. Furthermore, this filing is factually frivolous within the meaning of Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915. *See* Fed. R. Civ. P. 11(b); 28 U.S.C. § 1915(e)(2)(B)(i); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").

Despite the Court's earlier warnings to Ms. Boyd that she may not seek discovery from any source before the parties have conferred as required by Rule 26(f), and that Local Civil Rule 37(a)(1) requires any motion to compel to contain a certification that the moving party has met and conferred with the party allegedly failing to make any disclosure, Dkt. No. 16 at 4, on December 14, 2025, before any Rule 26(f) conference took place and without certifying that she met and conferred with any Defendant, Ms. Boyd filed an "Emergency Motion to Compel,"

consisting of a two-page motion and over 50 pages of "exhibits." Dkt. Nos. 64, 64-1–64-5 (capitalization altered). In her motion, she requests that the Court compel "immediate and full production of all outstanding ERISA-mandated plan documents" because the "continuous refusal to disclose these documents constitutes willful obstruction of a federal investigation and is a direct continuation of a six-year fraudulent concealment scheme," Dkt. No. 64 at 1 (emphasis omitted). She also asks for "*in camera* review" of "Plaintiff's recorded evidence," which is a "'Gag Order' Transcript/Audio" that she drafted. *Id.* at 1; Dkt. No. 64-4 at 3–6 (titled "Exhibit TT-3A" by Ms. Boyd). Other exhibits are similarly self-authored or random and nonsensical. *See generally* Dkt. Nos. 64-1–64-5. This filing violates Local Civil Rule 37, disregards the Court's prior order informing Ms. Boyd of that rule's requirements, and is frivolous under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915.

Despite the Court's prior order denying Ms. Boyd's earlier motion for a TRO in part due to her failure to comply with Rule 65's notice provisions, Dkt. No. 23 at 2, on December 16, 2025, Ms. Boyd filed another motion for a TRO that failed to describe any efforts made to give notice to Defendants or give reasons why such notice should not be required. *See generally* Dkt. No. 66; Fed. R. Civ. P. 65(b)(1)(B). The motion seeks to "bind" Defendants "from transferring, liquidating, or disposing of" various assets. Dkt. No. 66 at 1–2. Ms. Boyd bases her request on the potential for "immediate and irreparable" injury due to Defendants' (1) ability to secret away or move the subject funds, (2) "regulatory dark period exploitation," and (3) "active, coordinated obstruction of justice" for their "failure to produce required discovery documents for over 2,425 days." *Id.* at 1 (citation modified). This motion violates Rule 65, disregards the Court's prior orders regarding that rule and regarding how discovery works, and is frivolous under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1915.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Federal Rule of Civil Procedure 41(b) permits the Court to sua sponte dismiss a plaintiff's case when she fails to comply with court orders. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Dismissal is likewise available as a sanction pursuant to the Court's inherent power to control its docket. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (a "primary aspect" of the district court's inherent authority "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process," including "outright dismissal of a lawsuit").

A district court must weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *accord Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). However, there is no mathematical formula because the factors are "a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). The decision to dismiss under Rule 41(b) is thus ultimately "committed to the discretion of [the] district judge[.]" *Smith v. Legacy Partners, Inc.*, No. 2:21-CV-00629-JHC, 2022 WL 2135369, at *1 (W.D. Wash. June 14, 2022).

As discussed above, this Court has repeatedly reminded Ms. Boyd of the requirement for strict compliance with applicable law, rules, and orders, and provided *crystal* clear warnings about the consequences that would accompany failure, to no avail. Ms. Boyd continues to clutter the

ORDER DENYING PENDING MOTIONS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HER CASE SHOULD NOT BE DISMISSED WITH PREJUDICE - 8

docket with frivolous motions and other filings in clear disregard of numerous prior orders. And it has become increasingly apparent that Ms. Boyd's filings are premised on "irrational" or "wholly incredible" allegations, including misrepresentations of fact to the Court. *Denton*, 504 U.S. at 32–33. This Court recognizes that Ms. Boyd is a pro se litigant, and it will continue to liberally construe any filings she properly puts before this Court—as it would for any pro se litigant. However, pro se plaintiffs do not have greater rights than plaintiffs represented by counsel, *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986), and they "are subject to the same procedural requirements as other litigants," *Muñoz*, 28 F.4th at 978. It is not the Court's responsibility to educate Ms. Boyd on how to litigate her case, and Ms. Boyd's continued filings "preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long,* 912 F.2d at 1148.

Ms. Boyd is therefore ORDERED to show cause within 21 days why the Court should not dismiss her case with prejudice. Her response must conform to the word limits of Local Civil Rule 7(e)(3), contain a word count certification, and be formatted in accordance with Local Civil Rule 10(e).

### III.  CONCLUSION

For the foregoing reasons, the Court STRIKES Ms. Boyd's Notice of Supplemental Authority, Dkt. No. 63; DENIES Ms. Boyd's motion to compel, Dkt. No. 64; DENIES Ms. Boyd's motion for a TRO, Dkt. No. 66; and ORDERS her to show cause by January 8, 2026 why her case should not be dismissed with prejudice.

Dated this 17th day of December, 2025.

Lauren King
United States District Judge