UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY C. BOYD,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 701,<br>et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-01225-LK<br><br>ORDER DENYING MOTION FOR RECUSAL |

This matter comes before the Court on pro se plaintiff Brittany Boyd's "Notice of Filing Investigative Disclosure Regarding Judicial Obstruction and Conflict of Interest," Dkt. No 69 (capitalization altered), which the Court construes as a motion for recusal. Having considered the request and the remainder of the record, the undersigned judge declines to voluntarily recuse herself from this case.

## I.   BACKGROUND

On December 17, 2025, Ms. Boyd filed the above-referenced notice, together with a 20-page document addressed to the U.S. Marshal's Service and titled "Recusal Request for Judge

ORDER DENYING MOTION FOR RECUSAL - 1

Lauren King," Dkt. No. 69-2 (capitalization altered), and an eight-page document titled "Judge Lauren King – Pattern of Obstruction," Dkt. No. 69-3 (capitalization altered). Ms. Boyd contends that the undersigned judge has "dismissed a fully documented $56 trillion fraud case on hyper-technical procedural grounds without considering merits," "created impossible procedural traps designed to prevent case from proceeding," "manipulated the court docket (CM/ECF system) to prevent proper service of defendants," "threatened sanctions to chill plaintiff's legitimate claims," "demonstrated coordination with defendants through suspicious timing and denial of due process," and "added defendants to the case without plaintiff's authorization, creating service confusion." Dkt. No. 69-2 at 2 (capitalization altered); *see generally id*. According to Ms. Boyd, these actions constitute "a pattern of conduct that violates 28 U.S.C. § 455 (judicial disqualification)." *Id*.[1] In Ms. Boyd's notice of filing, she also alleges that the undersigned judge has a conflict in this case because her former employer, Foster Garvey P.C, "is inextricably linked to the Defendants in this action." Dkt. No. 69 at 1.

## II.    DISCUSSION

Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*. The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id*.

---

[1] Ms. Boyd also claims of violations of "18 U.S.C. § 1503 (obstruction of justice), and 18 U.S.C. § 241 (conspiracy against rights)." *Id*.

ORDER DENYING MOTION FOR RECUSAL - 2

(citation altered). "The recusal statute does not provide a vehicle for parties to shop among judges" after the presiding judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988); *see also King v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

The undersigned judge has reviewed the Ms. Boyd's request for recusal and determined that Ms. Boyd's assertions are unsupported factually and legally. *Compare* Dkt. Nos. 69-2, 69-3 *with* Dkt. No. 68 (summarizing prior orders by the undersigned judge and ordering Ms. Boyd to show cause why her claim should not be dismissed with prejudice).[2] As such, there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case.

As for the remedies Ms. Boyd seeks from the U.S. Marshals, Dkt. No. 69-2 at 16–17, "[a] judge is not disqualified by a litigant's suit or threatened suit against him [in the context of] a litigant's intemperate and scurrilous attacks[.]" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007); *see also Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012) ("A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." (internal citation omitted)), *report and recommendation adopted,* 2012 WL 954710 (W.D. Pa. Mar. 20, 2012). This is especially true where the litigant's threatened suit is based on that judge's prior adverse rulings

---

[2] With respect to Ms. Boyd's contention that the undersigned judge has a conflict of interest because her former firm "has a multi-decade history of representing and advising Defendant IUOE Central Pension Fund (CPF) and the Associated General Contractors (AGC) on complex investment transactions and fiduciary defense" and "represents over 40 public pension funds, including four of the largest in the United States," Dkt. No. 69 at 1, to the extent any of the undersigned judge's former colleagues represented any parties to this action, no such representation occurred in the same or a related matter during the time the undersigned was associated with the firm. *See* 18 U.S.C. § 455(b)(2) (a judge may not hear a case where she "previously served as a lawyer in the matter or where a partner or associate during any prior period of practice served as a lawyer on the matter during the judge's association with him or her"). As such, recusal under section 455(b)(2) is not required.

ORDER DENYING MOTION FOR RECUSAL - 3

against the litigant. *See* Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Opinion No. 103, at 188 ("Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings"), https://www.uscourts.gov/sites/default/files/guide_vol02b-ch02.pdf; *see also, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Marquez-Perez v. Nevada*, No. 2:22-CV-00796-GMN-DJA, 2023 WL 7301444, at *4 (D. Nev. Oct. 3, 2023) (similar, collecting cases and authorities).

### III.  CONCLUSION

Because none of the conditions for recusal laid out in 28 U.S.C. § 455 are met, there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and the undersigned judge declines to recuse herself. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 19th day of December, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge